IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JERALD JEROME DORSEY,<br>Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:10-CV-856-Y |
| REBECCA TAMEZ, Warden,<br>FCI-Fort Worth,<br>Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Jerald Jerome Dorsey, Reg. No. 58306-019, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

## C. Procedural History

Petitioner is serving a 180-month term of imprisonment for his 2007 criminal conviction for unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g), in the Northern District of Georgia. *See United States v. Dorsey*, CM/ECF, Criminal Docket for Case # 1:06-CR-325-ODE-LTW-1, docket entry 81. Petitioner appealed his conviction, but the Eleventh Circuit affirmed his conviction on April 8, 2008, and the Supreme Court denied writ of certiorari. *Id.*, entries 98, 99. Petitioner also filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the convicting court on February 27, 2009, which was denied on February 3, 2010. *Id.*, docket entries 100, 107. Petitioner filed this petition on November 5, 2010.[1]

## D. Discussion

In one ground, petitioner claims that in light of the Supreme Court's ruling in *Begay v. United States*, 553 U.S. 137 (2008), he was wrongly convicted as a career offender and is actually innocent of career-offender status as the term is defined under 18 U.S.C. § 924(e). (Pet. at 4; Pet'r Mem. at 1, 4-) Respondent claims the court should dismiss the petition for lack of jurisdiction. (Resp't 1-5)

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A petition for

---

[1] A pro se habeas petition is generally filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner does not indicate in the petition the date he placed the petition and supporting documents in the prison mailing system, however he signed the "Declaration" on the last page of the petition on November 5, 2010. For purposes of this proceeding, the petition is deemed filed on that date.

writ of habeas corpus pursuant to § 2241 is not a substitute for a motion under § 2255. *Pack v. Yusuff*, 218F.3d 448, 452 (5th Cir. 2000). Section 2255 provides that a prisoner may file a writ of habeas corpus only if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first motion for postconviction relief, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.); *Pack*, 218 F.3d at 452.

Respondent argues petitioner cannot satisfy the third prong, demonstrating his *Begay* claim was foreclosed by existing precedent at the time he prosecuted his appeal or at the time he filed his first 2255 motion. (Resp't Resp. at 4) Begay was decided on April 16, 2008. Having had an adequate and effective opportunity to assert the instant claim in his initial 2255 motion filed on February 27, 2009, and having failed to do so, petitioner may not proceed to do so under this court's § 2241 jurisdiction. *See Prost v. Anderson*, — F.3d —, 2011 WL 590334, at *6 (10th Cir. Feb. 22, 1011); *Benavidez v. Tamez*, Civil Action No. 4:07-CV-424-Y, slip copy, 2007 WL 2491854 (N.D. Tex. Sep. 5, 2007).

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claim presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended this petition for writ of habeas corpus under § 2241 be DISMISSED for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 6, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until May 6, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to

to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April  14 , 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE